**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

State of Arizona,

                Plaintiff,

v.

Richard Eugene Corley,

                Defendant.

No. CR-18-00576-PHX-DGC

**ORDER**

      Defendant Richard Corley has attempted to remove his state criminal case to this Court. Doc. 1. He attempted to do so once before, and the case was remanded. *See* Case No. CV-2018-00070-PHX-DGC, Doc. 4. The Court will remand the case again.

      Defendant is charged with criminal trespass, criminal damage, and assault. *See Arizona v. Corley*, CR2017-136311 (Maricopa Cty. Super. Ct. Aug. 10, 2017). He is in custody at the Lower Buckeye Jail. It appears from the superior court's docket that the case is set for trial later this month.[1]

      Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings[.]" *Gedo v. Idaho*, No. CV 09-00166-E-BLW, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)).

---

[1] *See* The Judicial Branch of Arizona, Maricopa County, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2017-136311 (last visited May 7, 2018).

A state prosecution may be removed to federal court under the narrow circumstances set forth in 28 U.S.C. § 1443. Pursuant to 28 U.S.C. § 1446, the federal court must examine the defendant's removal papers "to determine whether removal is appropriate, and the court has the authority to remand a case, sua sponte, for lack of subject matter jurisdiction." *Id.*

Section 1443(1) authorizes removal where the criminal defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" 28 U.S.C. § 1443(1). "This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. Cty. Super. Ct.*, No. C 09-519 SI (pr), 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)). Section 1443(1) is strictly construed against removal as "it is considered an encroachment on state court jurisdiction." *Johnson v. Washington*, No. C07-0696-MJP, 2007 WL 2377141, at *1 (W.D. Wash. Aug. 15, 2007).

Defendant challenges the indictment and grand jury process in his notice of removal. Doc. 1. He asserts that "removal at the pretrial stage is permitted . . . due to the high probabilities that he would suffer a denial of due process, and [that] his inability to enforce law in the judicial tribunals of the State[] would be a denial of his equal protection of the law . . . secured to him by the U.S. Constitution." *Id.* at 4. But Defendant has identified no state law or constitutional provision that denies him the opportunity to raise a federal right in state court, nor has he shown that he will be unable to enforce a federal right in state court.

Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has construed this provision as conferring "'a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Gedo*, 2009 WL 2848850, at *1

(quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). This case does not fall within that category.

Defendant cites Local Rule of Civil Procedure 3.6 in support of removal. Doc. 1 at 2-3. That rule sets forth this District's removal procedures and several requirements for notices of removal, but provides no independent basis for removal jurisdiction. "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ("[A]cts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution."); *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Removal jurisdiction is statutory and strictly construed."). Defendant has provided no appropriate statutory basis for removal. His criminal case must be remanded.

**IT IS ORDERED** that the Clerk shall remand this case to Maricopa County Superior Court. The Clerk shall reject any further filings by Defendant in this case.

Dated this 9th day of May, 2018.

_____
David G. Campbell
United States District Judge